IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:15CR333 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | |
| | ) | |
| CLIFTON L. COUSINS, | ) | **ORDER** |
| aka ABDULLAH JIHAD AL-MALIK, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court pursuant to Defendant's Motion to Dismiss Indictment for Speedy Trial Delay (Doc 18); the Government's Response thereto (Doc 19); and Defendant's Reply to Government's response in opposition (Doc 20). The matter is now ripe for review.

Defendant Clifton Cousins is currently serving multiple life sentences in the custody of the State of Ohio, and has two federal sentences resulting from prosecutions for sending threatening communications, each of which carry sentences of five and 15 years, respectively. The federal sentences were ordered to run consecutive to the Ohio life sentences which Defendant was serving at the time of commission of the prior federal offenses.

While incarcerated, Defendant sent threatening letters to the President of the United States, the United States Attorney General, and United States District Judge David D. Dowd, Jr. As a result of those threats, Defendant was charged in a seven-count indictment filed on September 9, 2015. (Doc 1). He entered a "Not Guilty" plea to all counts on September 28, 2015. Defendant then filed a Motion for an Order to be Moved to a Closer Facility (Doc 15) on

1

October 2, 2015 which was denied the same day. On October 16, 2015, Defendant filed a Motion for a Court-Ordered Competency Examination and Competency Hearing (Doc 15), which the Court granted on October 21, 2015.  On December 4, 2015, Defendant filed a Notice of Intent to Raise a Defense of Not Guilty by Reason of Insanity. (Doc 17).  Despite that Order for competency evaluation, Defendant was never transported to a Bureau of Prisons facility to conduct the examination.

On October 31, 2016, Defendant filed a Motion to Dismiss based upon violation of the Speedy Trial Act, 18 U.S.C. §3161 et seq., and the Sixth Amendment to the United States Constitution.  Defendant, citing the passage of over one calendar year after this Court ordered an examination of Defendant's competence to stand trial, averred that the indictment in this case should be dismissed with prejudice.  Defendant relies upon the relief of dismissal of the indictment based upon the length of the delay and the fact that Defendant, already serving two life sentences in the custody of the State of Ohio and facing an additional 20 years total incarceration after the life sentences have been completed, will never be released from custody, and is thus no real threat to anyone.  In addition, the Defendant argues that prosecution after a dismissal without prejudice serves no real purpose, and would be an undue burden on taxpayer resources and the Court's resources and time.

The Government has responded to Defendant's Motion to Dismiss, alleging that all of the time associated with a mental competency examination is excludable from the Speedy Trial clock, citing *United States v. Noone*, 913 F.2d 20 (1st Cir.1990).  The Government also alleges that Defendant is not prejudiced by the delay, as his defense to the charges, insanity, has already been raised in the Notice of Insanity defense pleading.  Finally, the Government alleged that

2

Defendant did not contact the United States Marshal's Office to inform them of Defendant's availability, and thus he cannot "sit on his hands" while the Speedy Trial clock winds down.

"The Speedy Trial Act requires that in any case in which the defendant has not entered a guilty plea, trial must commence within 70 days of the filing of the indictment or the date of the defendant's arraignment, whichever occurs later." *United States v. Brown*, 819 F.3d 800 (6th Cir.2016) (citing 18 U.S.C. § 3161(c)(1)). The Act "also includes a list of delays that must be excluded from the 70-day period." *Id*. (citing 18 U.S.C. § 3161(h)). "If the government exceeds these limits and the Act does not exclude the delays ... the Act requires the district court to dismiss the case on the defendant's motion." *United States v. Myers*, 666 F.3d 402, 404 (6th Cir.2012).

Once the defendant establishes a prima facie case that the government violated the Act (a simple matter of producing a calendar and showing that more than seventy days have passed since the indictment (or first appearance) and trial has yet to begin), the government has the burden of proving excludable time by a preponderance of the evidence. *United States v. Jenkins*, 92 F.3d 430, 438 (6th Cir.1996), citing *United States v. Mentz*, 840 F.2d 315, 326 (6th Cir.1988). The Act provides for several exclusions from the counting of time between indictment and trial:

> h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:
>
>> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to--
>>
>>> (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;
>>>
>>> (B) delay resulting from trial with respect to other charges against the defendant;

    (C) delay resulting from any interlocutory appeal;

    (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

    (E) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;

    (F) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable;

    (G) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government; and

    (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. §3161(h)(1)(A-H).

    The Court, having considered the arguments of the parties and the directives under the Speedy Trial Act, has determined that the delay in this case has resulted in a violation of Defendant's Speedy Trial rights. The period of delay provided for transportation of an inmate or person in custody is 10 days. *See*, 18 U.S.C. §3161(h)(1)(F). The delay in this case amounts to over 365 days of non-excludable time where Defendant was available for transport to complete the competency evaluation, but remained in the custody of the State of Ohio. And, contrary to the Government's assertion, the time for transport to a medical facility or other place for examination in §3161(h)(1)(F), excludes only ten days. After the ten days have been excluded, all additional time counts toward the Speed Trial 70 day indictment - to - trial period:

    Section 3161(h)(1)(H) excludes "delay resulting from transportation ... to and from places of examination or hospitalization, except that any time consumed in

> excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed unreasonable." 18 U.S.C. § 3161(h)(1)(H). After the magistrate ordered the examination, 40 days elapsed before Noone arrived at Butner. Thus, under section 3161(h)(1)(H), 30 days are presumed to have elapsed due to unreasonable delay and to be nonexcludable. As the government offers no explanation of the transportation delay, it has failed to rebut the presumption of nonexcludability. See, e.g., *United States v. Taylor*, 821 F.2d 1377, 1384 (9th Cir.1987), rev'd on other grounds, 487 U.S. 326, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988); *United States v. Jervey*, 630 F.Supp. 695, 697 (S.D.N.Y.1986) ("[O]rdinary institutionalized delay is not an excuse. When this Act was passed Congress knew all about the customs and practices of the prison bus.")

*Noone*, 913 F.2d at 25. In addition, while the Act does provide for excludable time necessary to complete competency evaluations, see, §3161(h)(1)(A), in this case Defendant Cousins has not been examined for competency related to this case, and therefore no time is properly excluded from the Speedy Trial period related an examination as contemplated under 18 U.S.C. §3161(h)(1)(A).

Having determined that there exists a considerable delay in violation of Defendant Cousins' Speedy Trial Act rights, the Court is faced with the decision as to whether the dismissal of the indictment in this case should be with, or without prejudice. Title 18, United States Code §3162(a)(2) provides guidance where a violation of a defendant's rights under the Act are violated. Specifically as pertinent to the issue herein, §3162(a) provides:

> . . . In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. . . .

18 U.S.C. §3162(a)(2).

After weighing the factors of §3162(a)(2), the Court orders the dismissal of the indictment in this case without prejudice to the Government's ability to re-file. The decision to

5

dismiss without prejudice rests largely on the fact of the seriousness of the charged offenses. Threatening the United States President, Attorney General and a District Court Judge is a serious matter and the delay has not prejudiced Defendant to such a degree as to harm his ability to defend himself against any potential re-indictment, should the United States so desire.  This was a difficult decision, however, given the fact that Clifton Cousins is no real threat, as he will presumably never be released from custody while living.  In addition, because the United States Marshal's Office was informed of Mr. Cousins' availability for transport and failed to do so, the "fault" for the delay does not rest on his shoulders.  Nevertheless, because of the importance and seriousness of the charged offenses, the dismissal in this case shall be without prejudice.

**IT IS SO ORDERED**.

January 12, 2017

                                              s/*Christopher A. Boyko*
                                              CHRISTOPHER A. BOYKO
                                              UNITED STATES DISTRICT JUDGE